**In re Fedora FLANAGAN, Appellant.**

**No. 19157.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 2, 1965.

Decided July 2, 1965.

Petition for Rehearing Denied
Oct. 7, 1965.

Mr. Robert L. Weinberg, Washington, D. C., with whom Mr. Vincent J. Fuller, Washington, D. C., was on the pleadings, for appellant.

Mr. John R. Kramer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the pleadings, for the United States. Mr. Richard M. Coleman, Asst. U. S. Atty., also entered an appearance for the United States.

Before WILBUR K. MILLER, Senior Circuit Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM:

After being offered immunity from prosecution pursuant to 22 D.C.CODE § 1514 (1961), and ordered by the District Court to testify before a grand jury, appellant refused to testify. She was thereupon held in contempt of court and committed to the custody of the United States Marshal for the District of Columbia until such time as she agreed to comply with the court order. We granted stay of the commitment order pending this appeal.

■ In seeking reversal of the contempt order appellant first contends that the immunity grant extended by the terms of 2 D.C.CODE § 1514 includes immunity for an offense for which the witness has been convicted in the District Court but upon which the judgment of conviction is non-final because a timely appeal from the judgment is pending. In Frank v. United States, 120 U.S.App. D.C. ——, 347 F.2d 486 (1965), we held that the immunity granted does encompass such a conviction. But this holding does not alter appellant's obligation to testify when directed to do so and, therefore, the adjudication of civil contempt must be affirmed. Piemonte v. United States, 367 U.S. 556, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961); Reina v. United States, 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960).

■ The immunity statute does not operate unless the witness testifies or gives evidence over his claim of privilege against self-incrimination. Once evidence is given, the witness cannot be "prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning" that evidence. 22 D.C.CODE § 1514. In Frank v. United States, *supra*, the witness Angelone, while his appeal was pending, gave evidence relating to the subject matter of his conviction in compliance with a court order. His conviction was vacated on the theory that a subsequent affirmance would subject him to penalty in violation of the immunity statute. 120 U.S.App.D.C. at ——, 347 F.2d at 491. Assuming appellant's testimony would be related to the matters involved in her conviction, *cf.* 8 WIGMORE, EVIDENCE § 2282, p. 512 (McNaughton rev. 1961), the decision in *Frank* would seem to apply to vacate that conviction, but this fact does not provide any ground for reversing the contempt order here considered.[1]

■ Appellant also argues that since the language "in any criminal proceeding * * * against him in any court" on which the Supreme Court relied in Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511, 53 A.L.R.2d 1008 (1956), in upholding the constitutionality of the Immunity Act of 1954, 18 U.S.C. § 3486(c), is missing from 22 D.C.CODE § 1514, the District immunity statute is unconstitutional. We find that any uncertainty as to the immunity provided by 22 D.C.CODE § 1514, with reference to state as well as federal prosecutions, has been eliminated by Murphy v. Waterfront Comm'n, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

Affirmed.

WILBUR K. MILLER, Senior Circuit Judge, concurs in the result.

---

1. The appeal from appellant's conviction (No. 19,199) was argued before this court on June 4, 1965. If, while the appeal is pending, appellant should give evidence entitling her to relief under *Frank*, counsel should inform the court so that that appeal may be properly disposed of.